UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



HECTOR GONZALEZ,

v.

**DECISION & ORDER**
16-CV-6174-MAT-JWF

CORRECTION OFFICER COBURN, et al.,
Defendants.

---

Pro se plaintiff Hector Gonzalez ("plaintiff"), an inmate at Wende Correctional Facility, commenced this action pursuant to 42 U.S.C. § 1983 alleging that defendants subjected him to retaliatory assault and inhumane conditions, and created or enforced policies permitting such treatment, all in violation of his First, Eighth and Fourteenth Amendment rights. Presently before the Court is plaintiff's motion to appoint an interpreter (Docket # 32) and his motion to appoint counsel (Docket # 33), both filed on February 2, 2018. For the reasons explained more fully below, both motions are **denied**.

Motion for an Interpreter (Docket # 32): Plaintiff requests the appointment of a translator to assist him because he does not "speak good English, nor can [he] read or write English." Docket # 32, at 1. "[T]here is no specific statute which authorizes the court to appoint an interpreter in civil in forma pauperis actions." Velez v. Burge, No. 08-806, 2009 WL 3459744, at *2 (W.D.N.Y. Oct. 20, 2009) (quoting Mendoza v. Blodgett, No. C-89-

1

770-JMH, 1990 WL 263527, *15 (E.D. Wash. Dec. 21, 1990)); see Cisnevas-Garcia v. Shipman, No. 9:10-CV-179, 2010 WL 3491359, at *5 (N.D.N.Y. Aug. 31, 2010). "Generally, pro se civil litigants have no entitlement to an interpreter or translator." Fessehazion v. Hudson Grp., No. 08 Civ. 10665, 2009 WL 2596619, *2 (S.D.N.Y. Aug. 21, 2009) (citations omitted), reconsideration granted on other grounds, 2009 WL 2777043 (S.D.N.Y. Aug. 31, 2009).

Based on the review of the record - including plaintiff's pleadings, correspondence and participation at the scheduling conference - the Court finds that at this early stage of the case, plaintiff has sufficient English proficiency to proceed without an interpreter. Plaintiff's amended complaint is type-written and clearly and coherently sets out the claims against defendants. He has responded appropriately to inquiries and filings from the Court and opposing counsel, and he was able to answer questions and advocate for himself during the scheduling conference. Although English may not be plaintiff's primary language, there is no indication at this time that plaintiff is unable to prepare court papers and to communicate with the Court. Accordingly, the Court denies plaintiff's motion for an interpreter (Docket # 32) without prejudice to renew his application at a later time.

Motion for Appoint Counsel (Docket # 33): In his motion for appointment of counsel, plaintiff argues that he needs Court-appointed counsel because he is "semi-literate to the law." Docket

2

# 33, at 1. For the reasons that follow, plaintiff's motion is denied without prejudice to renew.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). There are far more pro se cases in this district than there are attorneys to represent the litigants. Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28 U.S.C. § 1915(e) when the facts of the case warrant it. Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit set forth the factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61-62 (2d Cir. 1986).

In applying the Hodge factors, I believe plaintiff's allegations satisfy the initial threshold showing of merit. See, e.g., Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004) (finding that plaintiff's Eighth Amendment claims that defendants subjected him to cruel and unusual punishment satisfied threshold showing of merit); see also Allen v. Sakellardis, No. 02 CV 4373, 2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003) (finding that plaintiff's allegation that correctional officers assaulted him while he was restrained "appears to have some chance of success"). However, after reviewing the complaint and considering the nature of the factual and legal issues involved, as well as plaintiff's ability to present his claims, I conclude that appointment of counsel is not warranted at this particular time.

Here, plaintiff's pro se complaint is succinct and detailed in nature and adequately describes the events that allegedly led to his injuries, even despite plaintiff's acknowledgment that he is not trained in the law. At this juncture at least, plaintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"). Given the limited resources available with respect to pro bono counsel, the Court finds no

"special reason" why appointment of counsel now would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03 CV 6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 CV 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination").

Discovery is just getting underway now, and plaintiff seems to be capable of proceeding on his own. At this juncture, I do not see the need for appointment of counsel. Should he need to, plaintiff may consult with the Western District's pro se office attorneys for questions on process and procedure.

## Conclusion

For the reasons stated above, plaintiff's motion for an interpreter (Docket # 32) and his motion to appoint counsel (Docket # 33) are **denied without prejudice to renew**.

SO ORDERED.

                                         _____
                                         JONATHAN W. FELDMAN
                                         United States Magistrate Judge

Dated:   September 24, 2018
         Rochester, New York